EXHIBIT "A"



**HONORABLE RANDY CARNEY**
**JACKSON COUNTY CIRCUIT CLERK**

By: _____

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**

**DEBORAH RAWLS**                                                          **PLAINTIFF**

MAR 03 2025

**VS.**                              RANDY CARNEY, CLERK **CAUSE NO.:** _25-47(KM)_

BY_____D.C.

**WAL-MART STORES EAST, LP AND**
**JOHN DOES 1-10**                                                        **DEFENDANTS**

### COMPLAINT
### (JURY TRIAL REQUESTED)

**COMES NOW,** the Plaintiff, Deborah Rawls, by and through her counsel of record, and

files this Complaint against Wal-Mart Stores East, LP, and John Does 1-10 (hereinafter sometimes

referred to as Defendants) and in support thereof states as follows:

### I. PARTIES

1.      The Plaintiff is an adult resident citizen of Rankin County, Mississippi, and

presently resides at 118 Dogwood Way, Pearl, Mississippi 39208.

2.      The Defendant, Wal-Mart Stores East, LP, is a Limited Partnership incorporated

in the State of Delaware, its principal office in Arkansas, and doing business in the State of

Mississippi, whose agent for service of process is C.T. Corporation System located at 645

Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 or wherever they may be found.

3.      Defendants, John Does 1-10, are other Defendants whose names, whereabouts,

and/or involvement are at this time unknown to the Plaintiff but who may be added at a later

date. John Does 1-10 include owners, operators, managers, and all other entities, corporate

and/or individuals of the Defendant, Wal-Mart Stores East, LP, and/or owners, operators,

managers of entities responsible for the maintenance and cleaning of the store and or other

persons, entities, and/or corporations that were in some manner negligent regarding inspection,

maintenance and or cleaning of the subject store and proximately are responsible for the events

and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

## II. JURISDICTION AND VENUE

4.    This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligence acts and omissions committed in Jackson County, Mississippi, and the cause of action occurred and/or accrued in Jackson County, Mississippi.

## III. FACTS

5.    The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

6.    At all times mentioned in this Complaint, the Defendant managed, leased, owned and/or operated the store located at 3911 Bienville Blvd, Ocean Springs, Mississippi.

7.    On June 25, 2022, the Plaintiff was walking in the freezer aisle of the Defendant's store located at 3911 Bienville Blvd, Ocean Springs, Mississippi. While walking down the aisle, she slipped and fell in water leaking from the freezers. There were no caution signs to alert the Plaintiff to this dangerous condition. As a result of her fall, the Plaintiff sustained bodily injuries, including to her right knee, back, neck, and shoulder. The full extent of her injuries is currently unknown.

## COUNT 1- PREMISES LIABILITY

8.    Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

9.    The Defendant, as owner and/or operator of the store, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, and to correct any such dangerous conditions.

10.    The Defendant as owner and or/operator breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to address the water leaking from the freezer units in the freezer aisle, creating a hazard for customers, including Plaintiff, and resulting in an unreasonably unsafe condition for Plaintiff;

b)    Negligently failing to maintain or adequately maintain the freezer units and its surrounding area, causing water leakage that created a hazard to customers, including Plaintiff, and resulting in an unreasonably dangerous condition for Plaintiff;

c)    Negligently allowing water from the leaking freezers to accumulate on the floor of the freezer aisle, thereby creating a slip and fall hazard and an unreasonably dangerous condition for Plaintiff;

d)    Negligently failing to inspect or adequately inspect the freezer aisle and the freezer units for water leakage, thereby failing to recognize and mitigate the hazard posed to customers, including Plaintiff, and resulting in an unreasonably dangerous condition;

e)    Negligently failing to warn Plaintiff or other customers of the slip and fall hazard created by the water leakage from the freezer units when Defendant knew or should have known, through the exercise of reasonable care, that the premises were unreasonably dangerous and that Plaintiff was unaware of the same;

f)    Negligently failing to inspect or adequately inspect the freezer aisle for water leakage from the freezer units, creating an unreasonably dangerous condition for Plaintiff;

g)    Negligently failing to correct, inspect, maintain, or repair the water leakage from the freezer units and the resulting wet floor conditions when such conditions were known to Defendant or had existed for a sufficient period of time that Defendant should have known about them through reasonable care;

h)    Negligently failing to have adequate staff on duty and/or assigned to inspect, clean, and maintain the freezer aisle floors for hazards caused by water leakage from the freezer units;

i)    Negligently failing to train and/or inadequately training employees to identify, inspect, and address dangerous conditions, such as water leakage from the freezers, that could create slip and fall hazards in the freezer aisle;

j)    Negligently failing to follow its own corporate policies regarding the identification and response to water leakage or other hazardous conditions in the freezer aisle;

k)    Negligently failing to have adequate policies in place to identify and address dangerous conditions, such as water leakage from the freezer units, that may have accumulated on the freezer aisle floor, despite prior knowledge of slip and fall incidents caused by similar hazardous conditions that were not timely identified, corrected, or for which customers were not warned;

l)    Negligently failing to act reasonably under the circumstances;

m)    Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

n)    Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

o)    Negligently failing to maintain and provide safe conditions within the subject premises.

## COUNT II- NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE

11.    Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through ten (10) as if fully set forth herein.

12.    At said time and place, Defendant owned, controlled, and/or possessed the business premises.

13.    At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

14.    At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to dry the floors of the restroom, which were wet from water flooding, thus creating a hazard to members of the public utilizing said premises, including Plaintiff herein, and creating an unreasonably unsafe condition for Plaintiff;

b)    Negligently failing to maintain or adequately maintain the freezer units and its surrounding area, causing water leakage that created a hazard to customers, including Plaintiff, and resulting in an unreasonably dangerous condition for Plaintiff;

c)    Negligently allowing water from the leaking freezer to accumulate on the floor of the freezer aisle, thereby creating a slip and fall hazard and an unreasonably dangerous condition for Plaintiff;

d)    Negligently failing to inspect or adequately inspect the freezer aisle and the freezer units for water leakage, thereby failing to recognize and mitigate the hazard posed to customers, including Plaintiff, and resulting in an unreasonably dangerous condition;

e)    Negligently failing to warn Plaintiff or other customers of the slip and fall hazard created by the water leakage from the freezer units when Defendant knew or should have known, through the exercise of reasonable care, that the premises were unreasonably dangerous and that Plaintiff was unaware of the same;

f)    Negligently failing to inspect or adequately inspect the freezer aisle for water leakage from the freezer units, creating an unreasonably dangerous condition for Plaintiff;

g)    Negligently failing to correct, inspect, maintain, or repair the water leakage from the freezer units and the resulting wet floor conditions when such conditions were known to Defendant or had existed for a sufficient period of time that Defendant should have known about them through reasonable care;

h)    Negligently failing to have adequate staff on duty and/or assigned to inspect, clean, and maintain the freezer aisle floors for hazards caused by water leakage from the freezer units;

i)    Negligently failing to train and/or inadequately training employees to identify, inspect, and address dangerous conditions, such as water leakage from the freezers, that could create slip and fall hazards in the freezer aisle;

j)    Negligently failing to follow its own corporate policies regarding the identification and response to water leakage or other hazardous conditions in the freezer aisle;

k)    Negligently failing to have adequate policies in place to identify and address dangerous conditions, such as water leakage from the freezer units, that may have accumulated on the freezer aisle floor, despite prior knowledge of slip and fall incidents caused by similar hazardous

5

conditions that were not timely identified, corrected, or for which customers were not warned;

l)    Negligently failing to act reasonably under the circumstances;

m)    Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

n)    Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

o)    Negligently failing to maintain and provide safe conditions within the subject premises.

15.    Further, Defendant was negligent through the actions and inactions of it's agents, representatives, and/or employees. The negligence of the Defendant includes, but is not necessarily limited to, the following:

a)    Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions in the store, including liquid on the floors;

b)    Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including leaking freezers and liquid on the floors;

c)    Failure to comply with industry standards/regulations and the law of the State of Mississippi; and

d)    Other acts of negligence to be shown at the trial of this cause.

16.    Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

a)    past, present, and future physical pain and suffering;

b)    past, present, and future medical expenses;

c)    past, present, and future loss of enjoyment of life;

d)    past, present and future mental and emotional pain and suffering;

e)    permanent physical restrictions, limitations, and/or disability;

 f)  aggravation of pre-existing condition; and

 g)  any other damages allowed by Mississippi law.

## PRAYER OF RELIEF

 **WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Deborah Rawls, requests a

trial by jury and demands damages including actual, compensatory, consequential, and incidental

damages, for physical injuries; past, present, and future physical and emotional pain and

suffering, past, present, and future medical expenses; and any other special damages that may be

incurred by the Plaintiff, together with prejudgment and post judgment interest, attorney's fees,

costs of suit and any further relief as the Court may deem proper.

 RESPECTFULLY SUBMITTED, this the 26th day of February, 2025.

DEBORAH RAWLS, PLAINTIFF

BY: _____

HARRY M. McCUMBER ESQ.

OF COUNSEL:

HARRY M. McCUMBER, (MSB# 10632) ESQ.
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 718-0921
Fax: (601) 503-1625
Email: hmccumber@forthepeople.com
*Attorney for Plaintiff*

EXHIBIT "A"

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**DEBORAH RAWLS**                                                      **PLAINTIFF**

**VS.**                                             CAUSE NO.: __25-47__

**WAL-MART STORES EAST, LP AND**
**JOHN DOES 1-10**                                              **DEFENDANTS**

### SUMMONS

**STATE OF MISSISSIPPI**
**COUNTY OF JACKSON**

TO:    Wal-Mart Stores East, LP
       c/o C.T. Corporation System
       645 Lakeland East Drive
       Suite 101
       Flowood, Mississippi 39232
       Or wherever they may be found

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Harry M. McCumber, Esq., attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this __5th__ day of __March__ 2025.

**RANDY CARNEY**
**CIRCUIT CLERK**
**JACKSON COUNTY, MS**
**MY COMMISSION EXPIRES: DEC 31, 2027**

_Randy Carney_
By: _M L Lansing_

EXHIBIT "A"



**HONORABLE RANDY CARNEY**
**JACKSON COUNTY CIRCUIT CLERK**

By:

EXHIBIT "A"



**CT Corporation**
**Service of Process Notification**
04/14/2025
CT Log Number 548894830

### Service of Process Transmittal Summary

**TO:**    KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**    **Process Served in Mississippi**

**FOR:**    Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RAWLS DEBORAH // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Set of Interrogatories, First Set of Requests |
| **COURT/AGENCY:** | JACKSON COUNTY - CIRCUIT COURT, MS<br>Case # 30CI125CV00047KM |
| **NATURE OF ACTION:** | Personal Injury - 06/25/2022, store located at 3911 Bienville Blvd, Ocean Springs, Mississippi |
| **PROCESS SERVED ON:** | C T Corporation System, Flowood, MS |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/14/2025 at 15:11 |
| **JURISDICTION SERVED:** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of the date of delivery (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Harry M. McCumber<br>MORGAN & MORGAN, PLLC<br>4450 Old Canton Road, Suite 200<br>Jackson, MS 39211<br>601-718-0921 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/15/2025, Expected Purge Date: 04/25/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT "A"



**CT Corporation**
**Service of Process Notification**
04/14/2025
CT Log Number 548894830

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT "A"

**Wolters Kluwer**

## PROCESS SERVER DELIVERY DETAILS

**Date:**                           Mon, Apr 14, 2025
**Server Name:**                    Drop Service

| Entity Served | WAL-MART STORES EAST, LP |
|---|---|
| Case Number | 2547 |
| Jurisdiction | MS |

| Inserts | | |
|---|---|---|
| | | |



## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

| | |
|---|---|
| DEBORAH RAWLS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *    CASE NO. 30CI1:25-CV-00047-KM |
| | * |
| WALMART STORES EAST LP AND | * |
| JOHN DOES 1-10, | * |
| | * |
| | * |
| Defendants. | * |

### ANSWER

Defendant, Wal-Mart Stores East, L.P., (hereinafter "Wal-Mart"), answers Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

### I. PARTIES

1.      Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency but admits the same at the present time.

2.      Wal-Mart Stores East, L.P. admits it is a foreign limited partnership authorized to do business in Mississippi and may be served via its registered agent.

3.      As this paragraph is directed towards fictitious parties, no response is necessary from Wal-Mart. Wal-Mart denies that its owners, operators, managers, other entities, corporate or individual, of Wal-Mart were negligent, or proximately caused or contributed to cause the "events and happenings" alleged in Plaintiff's Complaint or Plaintiff's alleged injuries or damages.   Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## II. JURISDICTION AND VENUE

4.      Wal-Mart admits that at the present time, this Court has jurisdiction and venue is proper. Wal-Mart denies that it committed "negligent acts or omissions" against Plaintiff, denies that its conduct was the proximate or contributing cause of this incident, and denies Plaintiff is entitled to any recovery in this matter.

## III. FACTS

5.      Wal-Mart re-alleges and incorporates by reference the foregoing paragraphs the same as though fully repeated herein.

6.      Wal-Mart admits that at all times pertinent herein, it operated the premises in Hancock County, Mississippi, where this incident allegedly occurred. To the extent this paragraph implies or asserts allegations against Wal-Mart the same are denied and strict proof thereof is demanded.

7.      Wal-Mart admits that on June 25, 2022, Plaintiff was present on its premises in Ocean Springs, Mississippi. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence at Wal-Mart, the allegations relating to the details of how this incident occurred, or Plaintiff's alleged damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## COUNT 1- PREMISES LIABILITY

8.      Wal-Mart hereby adopts and incorporates by reference its responses to the preceding paragraphs the same as though fully stated herein.

9.     Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

10.     Wal-Mart denies it breached any duty to Plaintiff, and specifically denies all allegations contained in subparts (a) through (o) and demands strict proof thereof.  Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## COUNT II- NEGLIGENCE UNDER NON-DELEGABLE DUTY DOCTRINE

11.     Wal-Mart hereby adopts and incorporates by reference its responses to the preceding paragraphs the same as though fully stated herein.

12.     Wal-Mart admits that at all times pertinent herein, it operated the premises in Ocean Springs, Mississippi, where this incident allegedly occurred.  Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

13.     Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

14.     Wal-Mart denies it breached any duty owed to Plaintiff, and denies its conduct constituted negligence, and specifically denies all allegations contained in subparts (a) through (o) and demands strict proof thereof.  Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

15.     Wal-Mart denies that its conduct was negligent and specifically denies all allegations contained in subparts (a) through (d) and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

16.    Wal-Mart denies it breached any duty owed to Plaintiff, denies that its conduct was negligent, and denies its conduct was the direct and proximate cause or contributing cause of this alleged incident and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and, therefore, must deny the same, including the allegations in subparts (a) through (g), and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## PRAYER FOR RELIEF

Wal-Mart denies the allegations contained in the unnumbered paragraph following paragraph 16 which begins "WHEREFORE, PREMISES CONSIDERED" and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIVE DEFENSES

1.    Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2.    Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which she complains.

3.    The alleged hazard about which Plaintiff complains was open and obvious thereby obviating a duty to warn and precluding Plaintiff from recovering damages under Mississippi law.

4.    Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Mississippi law, Defendant owed Plaintiff no duty to eliminate the alleged hazard.

5.    No act or omissions of this Defendant was the proximate cause of any injury to Plaintiff.

6.      Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiff's injuries.

7.      Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8.      Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

9.      Plaintiff, in whole or in part, failed to mitigate her alleged damages and, therefore, is precluded from recovery.

10.     Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of her Complaint and having no causal relationship with this Defendant.

11.     Plaintiff's Complaint fails to state a cause of action against Wal-Mart Stores East, LP upon which relief can be granted.

12.     Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

13.     Plaintiff assumed the risk associated with her actions and therefore her claims against this Defendant fails.

14.     Plaintiff assumed the risk of conditions present and the dangers inherent therein.

15.     Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

Case: 30CI1:25-cv-00047-KM    Document #: 5    Filed: 05/14/2025    Page 6 of 6

Respectfully submitted on May 14, 2025.

> */s/ W. Pemble DeLashmet*
> W. PEMBLE DELASHMET (MS 8840)
> wpd@delmar-law.com
> CHAD C. MARCHAND    (MS 102752)
> ccm@delmar-law.com
> MIGNON M. DELASHMET (MS 2896)
> mmd@delmar-law.com
> *Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day May 14, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Harry M. McCumber
Morgan & Morgan, P.A.
4450 Old Canton Road, Suite 200
Jackson, MS 39211

> /s/ W. Pemble DeLashmet
> OF COUNSEL

EXHIBIT "A"

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

DEBORAH RAWLS,                              *
                                           *
      Plaintiff,                    *
                                           *
vs.                                        *        CASE NO. 30CI1:25-CV-00047-KM
                                           *
WALMART STORES EAST LP AND                 *
JOHN DOES 1-10,                            *
                                           *
                                           *
      Defendants.                   *

### <u>NOTICE OF REMOVAL</u>

TO:    Circuit Court Clerk Randy Carney
        JACKSON COUNTY-CIVIL DIVISION
        3104 Magnolia Street
        Pascagoula, MS 39567-4127

      There is hereby filed with you a copy of the Notice of Removal filed by Defendant WAL-MART

STORES EAST, L.P. ("Wal-Mart"), through undersigned counsel, in the case styled "*Deborah Rawls,*

*Plaintiff v.  Wal-Mart Stores East, LP."* Civil Action No. 30CI1:25-CV-00047-KM, and designed to

remove that action to the United States District Court for the Southern District of Mississippi, Southern

Division.  This Notice of Removal was sent for filing in the United States District Court for the Southern

District of Mississippi, Southern Division, on 14th day of May, 2025.

      Written notice of the filing of said Notice of Removal was given to the attorneys of record for

plaintiff herein by service via U.S. mail on 14th day of May, 2025, and you are hereby notified that the

filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Jackson County,

Mississippi, effects removal of said cause to the United States District Court for the Southern District of

Mississippi, Southern Division.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND       (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:      (251) 433-7994

CERTIFICATE OF SERVICE

I hereby certify that I have on this day May 14, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Harry M. McCumber
Morgan & Morgan, P.A.
4450 Old Canton Road, Suite 200
Jackson, MS 39211

/s/ W. Pemble DeLashmet
OF COUNSEL